In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00142-CR

                                                ______________________________

 

 

                                            DON CREECH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37344-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            We withdraw
our opinion issued in this matter April 7, 2011, and issue this opinion in
place of it.[1]

            Without the
benefit of a plea agreement, Don Creech waived his right to a jury trial and
pled guilty to four offenses:   (1)
possession, with intent to deliver, of more than 200 grams but less than 400
grams of a controlled substance, dihydrocodeinone (hydrocodone); (2) possession
of five pounds or less but more than four ounces of a controlled substance,
marihuana; and (3) and (4) two counts of delivery of less than
twenty-eight grams of a controlled substance, dihydrocodeinone
(hydrocodone).  The trial court found him
guilty of all four offenses.  Though
Creech filed an application for community supervision, the trial court
sentenced him to twenty years’ imprisonment for the first offense and two years
for each of the remaining three offenses, all sentences to run
concurrently.  

            Creech’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel sets up
several potential arguments and explains in detail why each fails to show
reversible error.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of the law. 
See Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Creech December 9, 2010, informing Creech of his
right to file a pro se response and to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            Creech has
filed a pro se response with this Court making a number of arguments:   (1) that the trial judge was
disqualified or should have recused because, according to Creech, the trial
judge solicited a bribe regarding this case; (2) that Creech’s trial counsel
refused to permit Creech to control the defense of the case; (3) that his trial
counsel “used threats and coercion to force” Creech to waive his right to a
jury trial and plead guilty; (4) that Creech’s request that his wife be allowed
to testify during the punishment phase of trial was refused; (5) that
Creech was not “given a choice” concerning whether Edward King would be
permitted to testify at punishment; (6) that Creech has not received a copy of
the reporter’s record; (7) that Creech has been refused access to the law
library by Texas Department of Criminal Justice; and (8) that his appellate
attorney has a conflict of interest due to the attorney’s relationship with the
trial judge and Creech’s trial attorney. 
In his amended pro se response, Creech argues the trial court erred in
determining count I[2] was a first
degree felony and argues “the sentence is excessive in punishment and contrary
to the evidence.”  Each of Creech’s
arguments has either no support in the record, no support in the law, or
support from neither the record nor the law.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).

            When
an appeal appears arguably meritless, we are to determine whether the appeal is,
in fact, without merit and is frivolous. 
If it is frivolous, the appeal must be dismissed or affirmed.  See
Anders, 386 U.S. 738.  

            We
affirm the judgment of the trial court.[3]

 

 

                        

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
6, 2011               

Date Decided:             April
13, 2011

 

Do Not Publish











[1]After
we issued our original opinion, we received an amended pro se response which
raises two new arguments.  The postmark
on the amended pro se response was April 6, 2011.  We have withdrawn our original opinion and
considered, in this opinion, the new arguments advanced in the amended pro se
response.  





[2]Count
I alleged possession, with intent to deliver, “of a controlled substance in
penalty group 3 of the Texas Controlled Substances Act, namely, a material,
compound, mixture, or preparation in an amount of 200 grams or more  but less than 400 grams, that contained not
more than 300 milligrams of dihydrocodeinone (hydrocodone), or any of its
salts, per 100 milliliters or not more than 15 milligrams per dosage unit, with
one or more active, nonnarcotic ingredients in recognized therapeutic amounts.”  





[3]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant must
file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.